UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRADLEY CHISHOLM ) <br> Plaintiff ) <br> ) <br> V. ) <br> ) <br> CPR FISHING INC. ) <br> Defendant ) <br> ) | Civil Action <br><br> No. _____ |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

**General Factual Allegations**

1. The Plaintiff, Bradley Chisholm, is a resident of Hope Valley, State of Rhode Island.

2. The Defendant, CPR Fishing Inc., is a corporation, organized and existing under the laws of the State of Rhode Island.

3. On or about June 15, 2020, the Defendant, CPR Fishing Inc., was doing business within the Commonwealth of Massachusetts.

4. On or about 2020, the Defendant, CPR Fishing Inc., was doing business within the Commonwealth of Massachusetts.

5. On or about June 15, 2020, the Plaintiff, Bradley Chisholm, was employed by the Defendant, CPR Fishing Inc.

6. On or about June 15, 2020, the Plaintiff, Bradley Chisholm, was employed by the

Defendant, CPR Fishing Inc., as a seaman, and a member of the crew of the F/V ALEXIS MARTINA.

7. On or about June 15, 2020, the Defendant, CPR Fishing Inc., owned the F/V ALEXIS MARTINA.

8. The Defendant, CPR Fishing Inc., chartered the F/V ALEXIS MARTINA from some other person or entity such that on or about June 15, 2020 the Defendant, CPR Fishing Inc. was the owner pro hac vice of the F/V ALEXIS MARTINA.

9. On or about June 15, 2020, the Defendant, CPR Fishing Inc., operated the F/V ALEXIS MARTINA.

10. On or about June 15, 2020, the Defendant, CPR Fishing Inc., or the Defendant's agents, servants, and/or employees, controlled the F/V ALEXIS MARTINA.

11. On or about June 15, 2020, the F/V ALEXIS MARTINA was in navigable waters.

12. On or about June 15, 2020, while in the in the performance of his duties in the service of the F/V ALEXIS MARTINA, the Plaintiff, Bradley Chisholm, sustained personal injuries.

13. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Bradley Chisholm, was exercising due care.

## Jurisdiction

14. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 , et. seq. (formerly §688 et. seq.).

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§1331 and alternatively 28 U.S.C. §§ 1333.

# COUNT I

### Bradley Chisholm v.  CPR Fishing Inc.

### (JONES ACT NEGLIGENCE)

16.     The Plaintiff, Bradley Chisholm, reiterates the allegations set forth in paragraphs 1 through 15 above.

17.     The personal injuries sustained by the Plaintiff, Bradley Chisholm, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

18.     As a result of said injuries, the Plaintiff, Bradley Chisholm, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

19.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Bradley Chisholm, demands judgment against the Defendant, CPR Fishing Inc., in an amount to be determined by a jury together with interest and costs.

# COUNT II

### Bradley Chisholm v.  CPR Fishing Inc.

### (GENERAL MARITIME LAW  -  UNSEAWORTHINESS)

20.     The Plaintiff, Bradley Chisholm, reiterates the allegations set forth in paragraphs 1 through 15 above.

21. The personal injuries sustained by the Plaintiff, Bradley Chisholm, were due to no fault of his, but were caused by the Unseaworthiness of the F/V ALEXIS MARTINA.

22. As a result of said injuries, the Plaintiff, Bradley Chisholm has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

23. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Bradley Chisholm, demands judgment against the Defendant, CPR Fishing Inc., in an amount to be determined by a jury together with interest and costs.

## COUNT III

### Bradley Chisholm v. CPR Fishing Inc.

**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

24. The Plaintiff, Bradley Chisholm, reiterates all of the allegations set forth in Paragraphs 1 through 15 above.

25. As a result of the personal injuries described in paragraph 12 above, the Plaintiff, Bradley Chisholm, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Bradley Chisholm, demands judgment against the Defendant, CPR Fishing Inc., in the amount of $200,000 for maintenance and cure, together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**RAISED IN COUNTS, I, II AND III.**

                Respectfully submitted for the
                the Plaintiff, BRADLEY CHISHOLM,
                by his attorney,

                /c/ Carolyn M. Latti
                Carolyn M. Latti
                BBO #567-394
                Latti & Anderson LLP
                30-31 Union Wharf
                Boston, MA 02109
                (617) 523-1000

Dated: August 17, 2022